**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **JOHN CHAPMAN,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 3:23-CV-0056-CDL-CHW** |
| | : | |
| **v.** | : | |
| | : | |
| **WALTON COUNTY JAIL,** | : | **Proceedings Under 42 U.S.C. §1983** |
| **Deputy Sheriff THOMAS,** | : | **Before the U. S. Magistrate Judge** |
| | : | |
| **Defendants.** | : | |

## ORDER AND RECOMMENDATION

This case is currently before the Court for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).  *Pro se* Plaintiff John Chapman, a pretrial detainee at the Walton County Jail in Monroe, Georgia, filed this 42 U.S.C. § 1983 complaint.  ECF No. 1.  He also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) which was granted with the statutory provision that Plaintiff pay a partial initial filing fee (ECF No. 6).  Plaintiff has now paid that fee.  Upon preliminary review, Plaintiff may proceed with his excessive force claim under the Eighth Amendment against Defendant Thomas for further factual development, but it is **RECOMMENDED** that Plaintiff's claim of harassment by Defendant Thomas and Plaintiff's claims against Defendant Walton County Jail be **DISMISSED without prejudice**.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.     Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).  The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state

2

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.    Plaintiff's Allegations

Plaintiff's complaint arises from his incarceration as a pre-trial detainee in the Walton County Jail.  ECF No. 1 at 2 and 4.  He claims that on October 5, 2022, "Sheriff Thomas assaulted me by punching in the mouth and ribs using unlawful force and causing cruel and unusual punishment there after".  *Id.* at 5.  Plaintiff complains that the assault caused a "deep cut to the inside my mouth and sore side and ribs and back".  *Id.* at

6. Plaintiff further complains that Defendant Thomas then "harassed" the Plaintiff, "tried to intimidate me into not filing a report" and that "Officer Thomas never filed a incident report". *Id*. at 4-5. Plaintiff seeks damages and to have his "charges dropped a clean record with all my rights given back".[1] *Id*. at 6.

III.    Plaintiff's Claims and Analysis

A.   *Excessive force claim against Defendant Deputy Sheriff Thomas*

"[I]n deciding whether force deliberately used against a pretrial detainee is constitutionally excessive in violation of the Fourteenth Amendment, 'the pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.'" *Shuford v. Conway*, 666 F. App'x 811, 816-17 (11th Cir. 2016) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)). "The objective-reasonableness determination must be made 'from the perspective of a reasonable officer on the scene.'" *Id.* In determining whether the amount of force used was objectively reasonable, the Court must consider "the facts and circumstances of [the] particular case,"

---

[1] This Court lacks the authority to grant Plaintiff the relief of the dismissal of his state criminal charges that he seeks through this § 1983 civil action. *See e.g., Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (holding that release from confinement is not available as a remedy in a § 1983 action); *Hughes v. Coursey*, No. CV 110-077, 2010 U. S. Dist. LEXIS 86078 At *4-*5 (S.D. Ga, July 27, 2010) (citing *Mullinax v. State,* 271 Ga. 112 (1999) and *Bozzuto v. State*, 276 Ga. App. 614 (2005)) ("In Georgia, the proper method for challenging pre-trial detention . . . is a state petition for writ of habeas corpus"); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (concluding that federal courts consistently abstain from interfering in state criminal prosecutions unless a limited exception applies); *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("[E]ven if Petitioner established a constitutional violation, he would not be entitled to the relief he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim.").

4

including "the relationship between the need for use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 135 S. Ct. at 2473.

Plaintiff alleges that he was assaulted by Defendant Thomas and that the assault was a use of "unlawful force". ECF No. 1 at 4-6. Liberally construed for purposes of this review, Plaintiff's Eighth Amendment claim against this Defendant for use of excessive force on a pretrial detainee can proceed for further factual development.

B. *Claims against Defendant Deputy Sheriff Thomas regarding harassment and intimidation*

Plaintiff generally and vaguely complains that Defendant Thomas "harassed" him and "tried to intimidate [him] into not filing a report". ECF No 1 at 4-5. Because Plaintiff is a pretrial detainee, his allegations are governed by the Due Process Clause of the Fourteenth Amendment. *Jackson v. West*, 787 F.3d 1345, 1352 (11th Cir. 2015). Nevertheless, the minimum standard allowed by the Due Process Clause for pretrial detainees is the same as that allowed by the Eighth Amendment for prisoners. *Id.* Plaintiff's nebulous allegations about "harassment" and "intimidation" do not rise to the level of a constitutional violation necessary for a §1983 civil action. The Constitution does not generally protect inmates against "[f]ear or emotional injury which results solely from verbal harassment or idle threats". *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991*).*

5

Thus, an allegation of "verbal abuse alone is insufficient to state a constitutional claim". *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir.2008); *see also Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir.1989) (internal quotation marks and citation omitted) ("In addition, we note that a petitioner must allege more than that he has been subjected to verbal taunts . . . [h]owever distressing in order to make a claim that jailers have violated their duty of protection or deprived the petitioner of his constitutional rights."); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) ("mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations").  In other words, harassing and otherwise intimidating conduct by a corrections officer is not independently actionable under § 1983. *See Edwards,* 867 F.2d at 1274 n. 1; *Barney v. Pulsipher,* 143 F.3d 1299, 1311 n. 11 (10th Cir.1998). Accordingly, it is **RECOMMENDED** that Plaintiff's claims under § 1983 regarding harassment and intimidation by Defendant Thomas be **DISMISSED without prejudice**.

C.   *Claims against Defendant Walton County Jail*

The Plaintiff has named the Walton County Jail as a Defendant.  ECF No. 1 at 1, 2-3.  Pursuant to Fed. R. Civ. P. 17(b), the "capacity to sue or be sued" is determined "by the law of the state where the court is located."  Therefore, Georgia law controls this issue.  In this regard, the Georgia Supreme Court has explained that there are only three classes of legal entities: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.'" *Ga. Insurers Insolvency Pool v. Elbert Cty.*, 368 S.E.2d 500, 502 (Ga. 1998) (quoting *Cravey*

*v. SE Underwriters Ass'n*, 105 S.E.2d 497 (Ga. 1958)).  A court is not subject to suit in its own name absent express statutory authority, and there is none in Georgia."  *Howard v. Brown*, 738 F. Supp. 508, 510 (S. D. Ga. 1988).   Furthermore, courts have also recognized that county detention facilities, police departments, and sheriff's departments are not legal entities subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (advising that "sheriff's departments and police departments are not usually considered legal entities subject to suit ..."); *Bunyon v. Burke County*, 285 F. Supp.2d 1310, 1328 (S. D. Ga. 2003*)* (dismissing claim against police department, reasoning that it was not a legal entity subject to suit).  The Walton County Jail is not a legal entity capable of being sued under Georgia law.[2]  Therefore, it is **RECOMMENDED** that Plaintiff's claims as to Defendant Walton County Jail be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time to file written objections,

---

[2] Moreover, to the extent Plaintiff's claims against the jail could be broadly construed as claims against Walton County, a local government may only be sued for constitutional violations caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Plaintiff's complaint does not include any allegations that a constitutional violation resulted from a policy, regulation, or decision officially adopted and promulgated by either Walton County or its jail.

provided a request for an extension is filed prior to the deadline for filing written objections. Any objection should be no longer than **TWENTY (20) PAGES** in length. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against the Defendants, it is accordingly **ORDERED** that service be made on Defendant Deputy Sheriff Thomas and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil

Procedure for failure to prosecute.  Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties

are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal

Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED and RECOMMENDED**, this 9th day of August, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge